Filed 11/5/20  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C092900 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2000161 ) |
| v. | |
| ROSEANN JOHNSON, | |
| Defendant and Appellant. | |

The People charged defendant Roseann Johnson with assault by means of force likely to produce great bodily injury, making a criminal threat, misdemeanor exhibiting a deadly weapon, and misdemeanor child endangerment.  The People also alleged defendant had a prior strike for a 2014 conviction for making a criminal threat. Defendant pled no contest to the assault count and admitted the prior strike allegation.

As part of the plea agreement, the court deferred sentencing and defendant agreed to enter into a residential rehabilitation program.  If defendant successfully completed the program, the court would strike the prior strike and make a finding that defendant's case

1

was unusual for probation purposes. If defendant did not complete the program, she would be sentenced up to the maximum prison term on the plea.

The parties stipulated the factual basis for the plea was contained in Yuba County sheriff's report No. 19-4768, which explained that defendant had assaulted her boyfriend with a baseball bat. The parties also agreed defendant had a prior strike conviction for criminal threats.

Defendant did not successfully complete the residential rehabilitation program. Before sentencing, defendant submitted a letter to the court requesting a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. The court conducted the hearing and denied defendant's motion. The court sentenced defendant to the low term of two years in state prison, doubled for the prior strike conviction, for a total term of four years, and dismissed the outstanding counts. Considering defendant's ability to pay, the court imposed a $300 restitution fine, a $300 parole revocation restitution fine, which was suspended pending revocation of parole, a $40 court operations fee, and a $30 criminal conviction assessment.

Defendant filed a notice of appeal without a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

2

/s/

Robie, J.

We concur:


/s/

Hull, Acting P. J.


/s/

Krause, J.